**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VERONICA BECKER,**

      **Plaintiff,**

**v.**                                                 **Case No:   6:14-cv-1954-Orl-31DAB**

**INFINITY AUTO INSURANCE**
**COMPANY,**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Remand (Doc. 11) filed by the Plaintiff, Veronica Becker ("Becker"), and the Memorandum in Opposition (Doc. 15) filed by the Defendant, Infinity Auto Insurance Company ("Infinity").

### I.   Background

This is a first party bad faith insurance case.   In the Complaint (Doc. 2), Becker asserts that she was involved in an automobile accident caused by an underinsured motorist, that she was insured by Infinity at the time, and that Infinity failed to attempt to settle her claim in good faith. Becker filed the instant Complaint in state court on October 24, 2014.   It was removed to this Court on November 24, 2014.

### II.   Standard

Unlike state courts, federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994).   There is a presumption that a cause lies outside this limited jurisdiction, and the burden of proving otherwise rests on the party

asserting jurisdiction.  *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–183, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); see also *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir.2001).

For diversity jurisdiction to exist, no defendant may be a citizen of the same state as any Plaintiff and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332.  Furthermore, removal statutes are to be construed narrowly, and where the parties clash about jurisdiction, uncertainties are to be resolved in favor of remand.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994); *see also Univ. Of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999).

Where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.  Removal is proper if it is "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional amount."  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.2001).  If it is not facially apparent from the complaint that the jurisdictional threshold is met, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy."  *Id.*

### III.   Analysis

In the Notice of Removal (Doc. 1), Infinity asserted that this Court possesses subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000.  Becker does not dispute that the parties are diverse but argues that Infinity has failed to establish that the jurisdictional threshold has been met.

As Infinity pointed out in the Notice of Removal, Becker seeks in the Complaint to "recover the total amount of all damages caused by the underinsured motorist," and that she alleges these damages exceed the $50,000 in underinsured motorist coverage in Becker's policy. (Doc. 2 at 2). Becker also asserts a right to recover her attorney's fees (pursuant to Fla. Stat. §624.155), as well as costs and fees. (Doc. 2 at 4).

Becker points out in the instant motion – but not in the Complaint – that in the underlying litigation regarding the underinsured motorist benefits Infinity confessed judgment for the $50,000 policy limit. (Doc. 11 at 2). Accordingly, Becker argues, that $50,000 should not be counted toward the amount in controversy.

Assuming *arguendo* that this sum should be excluded for jurisdictional purposes, it still appears more likely than not that the amount in controversy here exceeds $75,000. In the underlying litigation, Becker alleged that she suffered "bodily injury including permanent injury to the body as a whole, pain and suffering, both physical and mental, disability, disfigurement, physical impairment, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of a pre-existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life." In response to interrogatories, Becker asserted that she had suffered approximately $60,000 in lost earnings (as of the date of the interrogatories). Becker also contends that she was forced to undergo surgery as a result of the accident, at a cost in excess of $45,000. In addition, should Becker prevail in this matter, she would be entitled under the statute to recover her attorney's fees. Those fees will almost certainly exceed $20,000 if the matter proceeds through trial. Even after subtracting the $50,000 that Becker has already recovered, the amount at issue in these proceedings still exceeds $75,000.

### IV.     Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Remand (Doc. 11) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 11, 2015.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party